## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **VINCENT WILLIAM STONE, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:18-cv-867-CLS |
| ) | |
| **VINCENT WILLIAM STONE, SR.;** ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

Vincent William Stone, Jr., who variously represents himself as a resident of Indialantic, Florida, and, Huntsville, Alabama,[1] filed a complaint in this court on June 5, 2018. His pleading asserts claims against: Vincent William Stone, Sr.;[2] three branches of the Wells Fargo Bank located in Florida, Alabama, and Illinois;[3] the San Mateo, California Branch of the Chase Bank;[4] the Federal Deposit Insurance Corporation;[5] the Blackstone Group LP; Kristine Marie Stone; Warren Buffet; and

---

[1] *Compare* doc. no. 1 (Complaint), ¶ I.A. (stating that plaintiff's residence is 1345 North Highway A1a, Apt. # 604, Indialantic, Brevard County, Fla. 32903) *with id.*, ¶ V. (stating that plaintiff's mailing address is P.O. Box 193, Huntsville, Ala. 35804) and doc. no. 3 (*In Forma Pauperis* Affidavit), ¶ 1 (stating plaintiff's mailing address as P.O. Box 193, Huntsville, Ala. 35804).

[2] The address alleged for Vincent William Stone, Sr., is is identical to that of the plaintiff, except for the Apartment number: *i.e.*, 1345 North Highway A1a, Apt. # 401, Indialantic, Brevard County, Florida 32903. *See* doc. no. 1 (Complaint), ¶ I.B., at 2 ("Defendant No. 1").

[3] *Id*. (Defendants No. 2, 3, and 4).

[4] *Id*. (Defendant No. 5).

[5] *Id*., Ex. A (Defendant No. 6).

Berkshire Hathaway.[6]

Over the course of six pages of rambling assertions, plaintiff alleges vague claims pursuant to the Due Process Clause of the Fifth Amendment of the United States Constitution and the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. §§ 1961-1968.[7]

Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*, which was granted by U.S. Magistrate Judge Herman N. Johnson.[8] Title 28 U.S.C. § 1915 states that a district court may authorize a person to commence a civil action without prepayment of fees, provided the plaintiff "submits an affidavit that includes a statement of all assets such [person] possesses [and avers] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (alterations supplied). Even so, the statute goes on to provide that

> the court shall dismiss the case at any time if the court determines that:
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal:
>
> (*i*) is frivolous or malicious;
>
> (*ii*) fails to state a claim on which relief may be granted; or

---

[6] *Id*. (Defendants No. 7 – 10).
[7] *Id*., Exhibits B, D [*sic*, "C" is skipped], and E.
[8] *See* doc. nos. 3 (In Forma Pauperis Affidavit) and 4 (Order).

> (*iii*) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A claim can be described as "frivolous" when a reviewing court determines that it lacks "arguable merit either in law or fact." *Thomas v. Pentagon Federal Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010). Binding precedent also provides that a district court retains discretion to dismiss a complaint "when it appears the plaintiff 'has little or no chance of success,'" meaning that review of the complaint reveals "the factual allegations are 'clearly baseless' or . . . the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (discussing 28 U.S.C. § 1915(d), subsequently recodified as 28 U.S.C. § 1915(e)(2)(B)(*I*) (*i.e.*, a claim that "is frivolous or malicious")).

Of course, courts hold complaints authored by *pro se* litigants to a less stringent standard, and construe them more liberally than pleadings drafted by attorneys. *See, e.g., Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Nevertheless, a *pro se* litigant's complaint still "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). All litigants, regardless of whether they are proceeding with the aid of counsel or *pro se*, must assert "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not" suffice. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, even though a district court must interpret the pleadings of *pro se* litigants more liberally than those drafted by counsel, it "may not serve as *de facto* counsel for a party . . . or rewrite an otherwise deficient pleading in order to sustain an action." *Ausar-El ex. rel. Small, Jr. v. BAC (Bank of America) Home Loans Servicing LP*, 448 F. App'x 1, 2 (11th Cir. 2011) (internal quotations and citations omitted).

After reviewing the complaint filed by Vincent William Stone, Jr., in accordance with the foregoing principles, this court concludes, for the reasons set out below, that his complaint is frivolous, and, that it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(*i*) and (*ii*).

## DISCUSSION

Plaintiff's complaint consists of a number of rambling, fantastical allegations. For example, he alleges that he is not the biological son of the man whose name he bears (*i.e.,* Vincent William Stone, Senior), but that he is, instead, "the biological son of the assassinated 35th Present of the United States of America, John Fitzgerald Kennedy." Doc. no. 1 (Complaint), Appendix D, 5th paragraph. Plaintiff also asserts that he is a victim of multiple shootings and kidnappings, but he received cash and diamonds as compensation for his injuries. Additionally, plaintiff asserts that the

current Chief Executive Officer of Chase Bank was one of the shooters who injured him when he was six years old. Plaintiff details how his putative father willfully participated in his kidnappings as a child, how the individual defendants are allegedly conspiring to steal and control his assets, and how the bank defendants are willfully assisting the individual defendants in stealing his assets.

Plaintiff has advanced no facts in support of the allegations of his complaint, other than conclusory, disjointed statements and documents that fail to bolster his claims. At best, plaintiff's claims are fantastical and frivolous, and 28 U.S.C. §1915(e)(2)(B)(*i*) precludes him from proceeding with this action.

Even if the allegations of plaintiff's complaint were not frivolous, the pleading still fails to state a claim upon which relief may be granted. A liberal reading of the complaint fails to reveal any facts that suggest, let alone demonstrate, that any of the named defendants deprived plaintiff of a federal right, or engaged in a conspiracy actionable under the RICO Act. The complaint lacks any facts that would allow the court to draw the reasonable inference that the defendants are liable to plaintiff. *Iqbal*, 556 U.S. at 678. Accordingly, this court also finds that the plaintiff has also failed to allege sufficient facts to state a plausible claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(*ii*).

**ORDER**

In accordance with the foregoing discussion, it is ORDERED that the complaint in this case be, and the same hereby is, DISMISSED without prejudice.

**DONE** and **ORDERED** this 10th day of July, 2018.

_____
United States District Judge